NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| STANLEY J. KOWALEWSKI, | : | |
| | : | Civ. No. 22-4129 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court for determination of Ground B, paragraphs 1 and 4 of Petitioner Stanley J. Kowalewski's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "petition," Dkt. No. 1), Respondent's answer to the petition (Dkt. No. 9), and Petitioner's replies to Respondent's answer (Dkt. Nos. 10, 11.)  Petitioner is serving federal sentences in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").  He seeks early release from prison upon application of prior custody credit and First Step Act earned Time Credits ("FSA Time Credits"), allegedly denied by the Bureau of Prisons ("BOP").

I.   THE 2241 PETITION

On November 2, 2022, the Court screened the petition pursuant to Habeas Rule 4, and dismissed all claims but those in Ground B, paragraphs 1 and 4 of the

petition. (Opinion and Order, Dkt. Nos. 2, 3.) In Ground B, paragraph 1 ("Sentence Calculation Claim") of Petitioner's memorandum of law in support of the petition, he asserted:

> The first ground for relief involves the fact that the district court judge erred by not giving the Petitioner credit for the six months that he was incarcerated prior to his sentencing, from September 25, 2015 to March 25, 2016. Under BOP Good Time credit policy, he would have also received one additional month of credit for a total of seven months credit missing from his BOP sentence calculation.

(Pet., Dkt. No. 1-1 at 12.)

In Ground B, paragraph 4 ("FSA Time Credits Claim") of Petitioner's memorandum of law in support of the petition, Petitioner asserted:

> The fourth ground for relief involves the BOP, the facilities that it operates and FCI Fort Dix where the Petitioner is currently incarcerated. Throughout the last two years, inmates have had to endure onerous lockdowns and restrictions due to the COVID-19 pandemic and its ongoing issues. Inmates have been denied education, recreation, visitation and fresh air as they have been primarily confined to their housing units. Currently, at FCI Fort Dix due to the lockdowns, the First Step Act approved classes are supposed to be offered in the housing units. Kowalewski signed up for classes when he arrived on December 1, 2021 and since then none of the classes have begun. This has deprived Kowalewski of an additional 60 days off his sentence and will continue at a rate of 15 days per month until these classes begin. These conditions are unduly harsh and not what any district court had in mind when they imposed sentence prior to the pandemic. FCI Fort Dix has not been able to control the spread of COVID-19 and its variants/sub-variants. In fact, New Jersey is now among a handful of states that are experiencing a growing surge in Omicron sub variant Ba.2 cases, therefore continuing to put inmates at FCI Fort Dix in harm's way and make them susceptible to severe illness

> or death - especially those inmates, like Kowalewski, that
> have underlying health conditions that make them "high
> risk".

(Pet., Dkt. No. 1-1 at 13.)

## II. JURISDICTION OVER FSA TIME CREDITS CLAIM

Respondent argues that this Court lacks jurisdiction over Petitioner's claim that he was deprived of FSA Time Credit earning opportunities due to the COVID-19 conditions and restrictions at FCI Fort Dix. (Answer, Dkt. No. 9 at 27-34).[1] In support of this argument, Respondent submits that Petitioner's ability to engage in recidivism-reduction programs would not necessarily result in his speedier release, which is the core purpose of habeas jurisdiction under § 2241. (*Id.* at 27.)

Habeas jurisdiction exists under Section 2241 where an inmate challenges "the fact or length of the sentence."[2] *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). The jurisdictional question is whether success on the asserted habeas claim would

---

[1] Contrary to Petitioner's allegation that he was deprived of the opportunity to earn FSA Time Credits during the COVID-19 pandemic, Respondent submitted the Declaration of Ashley Crisson, FCI Fort Dix Assistant Case Management Coordinator (Dkt. No. 9-3, ¶¶ 29-35), who provided Petitioner's FSA Time Credit Assessment Report (Dkt. No. 9-3 at 60-63), showing he earned 20 Time Credits between March 9, 2019 and December 4, 2020, 40 Time Credits between December 4, 2020 and April 3, 2021, 70 Time Credits between April 3, 2021 and November 13, 2021, 105 Time Credits between December 5, 2021 and June 29, 2022, and 30 Time Credits between October 31, 2022 and January 19, 2023.

[2] Habeas jurisdiction also lies where an inmate challenges the execution of his sentence. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244 (3d Cir. 2005). This basis for jurisdiction is limited, however, to BOP conduct that "conflicted with express statements in the applicable sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012). Petitioner does not allege the BOP's denial of FSA Time Credit earning opportunities conflicted with statements of his sentencing court.

"necessarily imply that [the habeas petitioner] would serve a shorter sentence[.]" *Id.* at 543.

The Court begins by examining how FSA Time Credits are earned. To earn FSA Time Credits, an inmate must "successfully participate" in recidivism-reduction programming assigned to address his "specific criminogenic needs." 18 U.S.C. § 3632(b), (d)(4). An inmate's 'successful participation' in a program that may earn Time Credits "requires a determination by [BOP] staff that an eligible inmate has participated in the [recidivism-reduction programming] that [BOP] has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular [program]." 28 C.F.R. § 523.41(c)(2). Having an opportunity to participate in credit-earning programs or activities does not guarantee an inmate's successful participation, which is necessary to earn Time Credits. For this reason alone, deprivation of FSA Time Credit earning opportunities would not necessarily shorten the length of an inmate's sentence. *See, Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 651 n.2 (3d Cir. 2021) ("[e]ntry into the RDAP would not guarantee less time served for [the petitioner], so [the petitioner's] claim that he is being denied entry to the program improperly is not cognizable under § 2241") (citing *Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002)).

Furthermore, eligibility for application of FSA Time Credits requires inmates to have "[s]hown through the periodic risk reassessments a demonstrated risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment." 28 C.F.R. § 523.44(b)(2). An inmate's earned Time Credits are not

4

"applied" unless he maintains a "minimum" or "low" score or otherwise demonstrates recidivism risk reduction through periodic assessments. 28 C.F.R. § 523.44(b). When inmates participate in FSA Time Credit programs and activities, there is no guarantee they will have the minimum or low recidivism risk score necessary for application of those Time Credits. Moreover, even if an inmate has maintained a minimum or low score, application of FSA Time Credits will only lead to a shorter sentence if the BOP exercises its discretion, pursuant to 18 U.S.C. § 3632(d)(4)(C),[3] to apply those Time Credits to early supervised release rather than prerelease custody. Early supervised release necessarily results in a shorter sentence;[4] whereas, prerelease custody does not.[5] For all these reasons, the lack of opportunity to participate in FSA Time Credit earning programs and activities will not necessarily result in shorter duration of Petitioner's sentence. *See*, *O'Bryan v. Cox*,

---

[3] 18 U.S.C. § 3632(d)(4) provides:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

[4] "[S]upervised release commences on the day the person is released from imprisonment…." § 3624(e); *United States v. Johnson*, 529 U.S. 53, 57 (2000) ("[S]upervised release does not run while an individual remains in the Bureau of Prisons' custody.")

[5] Prerelease custody can consist of home confinement or a Residential Reentry Center ("RRC") (sometimes called a "halfway house") in a BOP-sponsored facility. 18 U.S.C. § 3624(g)(2)(A)-(B). A habeas challenge to prerelease custody is a challenge to the manner of imprisonment, not the duration of a sentence. *See Woodall*, 432 F.3d at 241-44 (describing habeas challenges to "execution" of a sentence as those relating to the manner of imprisonment).

Civ. No. 21-4052, 2021 WL 3932275, *4 (D.S.D. Sept. 1, 2021) ("Whether those time credits are applied for pre-release custody or transfer to supervised release is by statute within the discretion of the Bureau of Prisons") (citing 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)). Therefore, the Court will dismiss Petitioner's FSA Time Credits Claim for lack of habeas jurisdiction. The Court turns to Petitioner's Sentence Calculation Claim.

## III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent contends Petitioner failed to exhaust administrative remedies for his Sentence Calculation Claim. (Answer, Dkt. No. 9 at 20.) With few exceptions, federal inmates must exhaust available administrative remedies before they can seek habeas relief under 28 U.S.C. § 2241. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). The BOP has a four-step administrative remedy procedure. 28 C.F.R. §§ 542.10-18. To exhaust the BOP's administrative remedies, inmates must first attempt to informally resolve their claims with staff, although this step may be waived. Next, inmates must present their complaints to the warden of their institution in a formal Administrative Remedy Request (form BP-9). Inmates must then appeal an adverse decision to the appropriate regional director, on form BP-10, within 20 calendar days of the date the warden signed the response. Inmates who are not satisfied with the regional director's response must appeal to BOP's General Counsel in BOP's Central Office, on form BP-11, within 30 calendar days of the date the regional director signed the response. Administrative remedies are exhausted

when denied by the BOP's Central Office, or time for the Central Office to respond has expired.

Respondent asserts that Petitioner failed to exhaust his Sentencing Calculation Claim because he failed to appeal the administrative denial of relief through all available appellate levels. (Declaration of Corrie Dobovich,[6] ¶¶ 15-16, Ex. C; Dkt. No. 9-2 at 11-18.)  Petitioner submitted a BP-9 request to the warden but did not appeal to the appropriate regional director or the Central Office. (*Id.* ¶¶ 14-16, Attachment C at 2-3; Dkt. No. 9-2 at 13-14; Attachment D; Dkt. No. 9-2 at 19-20.) Petitioner did not contest his failure to exhaust his Sentencing Calculation Claim in his replies to Respondent's answer. (Letters, Dkt. Nos. 10, 11.)  Therefore, this Court denies Petitioner's Sentencing Calculation Claim for failure to exhaust administrative remedies.  For sake of completeness, the Court alternatively finds the Sentencing Calculation Claim is moot because Petitioner received prior custody credit for the period of time he seeks, as discussed below.

## IV. Merits of Sentencing Calculation Claim

Petitioner seeks prior custody "credit for the six months that he was incarcerated prior to his sentencing, from September 25, 2015 to March 25, 2016." (Pet., Dkt. No. 1-1 at 12.)  Respondent argues this claim is moot because Petitioner was awarded prior custody credit for September 25, 2015 to March 25, 2016.

---

[6] Corrie Dobovich is a Legal Assistant for FCI Fort Dix and has access to BOP files maintained in the ordinary course of business regarding inmates incarcerated within the Federal Bureau of Prisons. (Declaration of Corrie Dobovich, ¶ 1, Dkt. No. 9-1 at 1.)

(Answer, Dkt. No. 9 at 21-24.) On March 25, 2016, the Northern District of Georgia sentenced Petitioner to a 209-month consecutive term of imprisonment for wire fraud, conspiracy to obstruct SEC proceeding, and obstruction of an SEC proceeding. (Declaration of Jon McEvoy ("McEvoy Decl."),[7] Attachment E; Dkt. No. 9-1 at 32-37.) On September 7, 2022, Petitioner was sentenced to a 15-month term of imprisonment for violating 18 U.S.C. § 876(c), mailing threatening communications. (*Id.*, Attachment G; Dkt. No. 9-1 at 41-47.) The sentencing court directed that Petitioner serve this later sentence consecutive to the 2016 sentence. *Id.*

In accordance with 18 U.S.C. § 3585 and BOP policy, BOP calculated Petitioner's federal sentences. (McEvoy Decl., ¶¶ 3-10, Attachment E; Dkt. No. 9-1 at 32-37; Attachment H; Dkt. No. 9-1 at 48-51.) BOP determined that Petitioner's federal sentence commenced on March 25, 2016, the date that the Northern District of Georgia imposed his federal sentence. (McEvoy Decl., ¶ 4e.) BOP calculated Petitioner's sentence based on the 209-month federal term of incarceration imposed in *United States v. Kowalewski*, Case No. 13-cr-045 (N.D. Ga.) and the 15-month sentence imposed in *United States v. Kowalewski*, Case No. 22-cr-538 (D.S.C.) (McEvoy Decl., ¶ 6, Attach. H; Dkt. No. 9-1 at 48-51.) Based on the date of commencement and prior custody credit under 18 U.S.C. § 3585(b), BOP awarded

---

[7] Jon McEvoy is Management Analyst with the Federal Bureau of Prisons, Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, who has access to inmates' records, Judgment and Commitment ("J&C") Orders, sentence computation files, BOP Program Statements, and electronic data maintained on the BOP's SENTRY computer database. (McEvoy Decl., ¶¶ 1, 2; Dkt. No. 9-1 at 1.)

Petitioner prior custody credit for his time in custody from the date of his arrest by the Marshals on September 25, 2015 (for violating the conditions of his release) through March 24, 2016 (the day prior to the court imposing the sentence). (McEvoy Decl. ¶¶ 4(d)-(e), 7-9, Attachment B at 4-5; Dkt. No. 9-1 at 23-24; and Attachment H at 3; Dkt. No. 9-1 at 51.)

Respondent has established that Petitioner received prior custody credit against his aggregate sentence for the time period of September 25, 2015 through March 25, 2016. Therefore, the Court dismisses as moot Petitioner's habeas challenge to the BOP's failure to award this period of prior custody credit. *See e.g.*, *Buczek v. Maiorana*, 526 F. App'x 152, 153 (3d Cir. 2013) (dismissing as moot inmate's habeas challenge when success on habeas claim could no longer result in the requested relief).

V.   **CONCLUSION**

For the reasons discussed above, the Court will dismiss Petitioner's FSA Time Credits Claim for lack of jurisdiction, dismiss Petitioner's Sentence Calculation Claim for failure to exhaust administrative remedies, and alternatively dismiss Petitioner's Sentence Calculation Claim as moot.
An appropriate Order follows.

Dated:  April 14, 2023                             s/Renée Marie Bumb
                                                   **RENÉE MARIE BUMB**
                                                   **Chief United States District Judge**